IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br><br>Plaintiff<br>v.<br><br>CORY'S PAINTING SERVICE<br>  d/b/a Cory's Painting Service, Inc., *et al.*<br><br>Defendants | CIVIL ACTION NO.<br>06-01353 (RWR) |

### DECLARATION OF THOMAS C. MONTEMORE

Thomas C. Montemore states under penalty of perjury that the following is true and correct:

1. I am the Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund ("Pension Fund" or "Fund"). I have held that position since November 1, 2000. I served as Delinquency Controller from 1988 through October 31, 2000 and as the Delinquency Coordinator from 1986 to 1988, and before that, acted as Agreement Clerk from 1982 to 1986, and File Clerk beginning in 1979.

2. The Pension Fund is an "employee benefit pension plan" as defined in § 3(2)(A)(I) of ERISA, as amended, 29 U.S.C. § 1002(2)(A)(I), established by the International Union of Painters and Allied Trades, AFL-CIO-CFL ("the International"), and employers in private industry whose employees are members of or otherwise represented by the International and its district councils and local unions, for the purpose of providing retirement income to the employees. The Pension Fund is administered in the District of Columbia from its principal place of business at 1750 New York Avenue, N.W., Washington, D.C. 20006.

172345-1



3.  A complete and accurate copy of the Agreement and Declaration of Trust of the Pension Fund is attached to the Complaint as Exhibit 1 and is incorporated herein by reference.

4.  Defendant, Cory's Painting Service d/b/a Cory's Painting Service, Inc., Cory's Painting Service, Inc. d/b/a Cory's Painting Service ("Company") is a Pennsylvania corporation owned and by Cory Miglionico, ("Individual Defendant," and together with Company, "Defendants"). Defendants entered into collective bargaining agreements with Local Union #218 as well as Local Union #41. Local Unions #218 and #41 are labor organizations representing individuals employed in the painting and allied trades industry. The collective bargaining agreements require Defendants to submit monthly contributions to the Pension Fund on behalf of all employees in the bargaining unit. Contributions must be made for each hour for which employees receive pay at the contribution rate specified in the agreement. Failure to make the required contributions, or to submit either incorrect or late remittance reports and contributions, results in a delinquency to the Pension Fund.

5.  Individual Defendant is an owner and officer of Company.

6.  In addition to monthly contributions, the Pension Fund also requires Defendants to submit monthly remittance reports, on which Defendants are to list the Company's employees and the hours for which the employees received pay that month.

7.  Defendants owe total contributions in the amount of $20,123.50. This amount includes contributions in at least the amount of $2,853.28, based upon an audit of Defendants' books and records, for the period January 2002 through December 2004. The total also includes $10,391.25, for amounts due based upon remittance reports prepared by the Defendants and submitted to the Pension Fund and other records covering the period December 2005 through April 2006. Further, since Defendants failed to submit contractually required remittance reports

for the period May 2006 through July 2006, the Fund has estimated that Defendants owe contributions for this period in at least the amount of $6,878.97. The estimated monthly contributions for this period are based on the average of the three monthly contributions due immediately preceding the period for which no report(s) were filed.[1]

    8.    A precise determination of the amounts owed by Defendants cannot be made without an audit of Defendants' payroll and related records for the period May 2005 through the present.

    9.    Defendants owe interest through September 30, 2006 in the amount of $823.47 on the unpaid pension contributions set forth in ¶ 7. The interest has been calculated in accordance with the fluctuating IRS interest rate, as provided at § 10.12(b)(2) of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached to the Complaint as Exhibit 2 and incorporated herein by reference).

    10.    § 10.12(b)(3) of the Plan parallels the ERISA statute, 29 U.S.C. § 1132(g)(2), and requires the assessment of liquidated damages against Defendants in an amount equal to the

---

[1] The estimates for May 2006 through July 2006 were calculated as follows:

| Local 218: | Month | Amount |
|---|---|---|
| | February | $1,436.80 |
| | March | $1,907.66 |
| | April | $1,983.39 |
| | Total | $5,327.85 |
| Estimated monthly contribution: | | $5,327.85 / 3 = $1,775.95 |
| Local 41: | Month | Amount |
| | February | $299.88 |
| | March | $677.68 |
| | April | $573.56 |
| | Total | $1,551.12 |
| Estimated monthly contribution: | | $1,551.12 / 3 = $517.04 |

greater of the following: the amount of interest owed on the delinquent principal, or twenty percent (20%) of the delinquent principal. As noted above, the total interest owed through September 30, 2006 is $823.47. Twenty percent (20%) of the currently delinquent principal ($20,123.50) equals $4,024.70. Defendants also owed additional contributions at the time suit was filed which have now been paid, resulting in additional liquidated damages of $5,399.40. Since the total amount of liquidated damages is greater than the interest amount, Defendants owe a total of $9,424.10 in liquidated damages.

11. Despite a continuing contractual obligation to do so, Defendants repeatedly have failed to submit timely remittance reports and pension contributions. The Pension Fund is required to pay pensions to all properly vested employees of contributing employers. Employees of contributing employers continue to accrue pension credits, based on the hours of their employment, regardless of whether their employers make pension contributions on their behalf for these hours, as contractually required. The Pension Fund's obligation to recognize these pension credits and to pay pensions to vested employees is absolute and continues even if the employers fail to pay their required pension contributions. The refusal of Defendants to contribute as they are bound to means irreparable harm and injury to the Pension Fund --an obligation to make pension payments to employees without the necessary pension contributions from Defendants to cover those benefits. Moreover, whenever Defendants fail to submit remittance reports accurately reflecting the number of hours for which their employees received pay, Defendants prevent the Pension Fund from calculating the proper pension credits due to Defendants' employees. The Defendants, therefore, should be required to file all past due

remittance reports and timely submit current remittance reports and pension contributions in the future.

12.     Lastly, Defendants owe $680.88 for unpaid costs associated with an audit of the Company's books and records.

Date: 9/20/06

I declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
THOMAS C. MONTEMORE