IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND <br><br> Plaintiff <br> v. <br><br> CORY'S PAINTING SERVICE <br> d/b/a Cory's Painting Service, Inc., *et al.* <br><br> Defendants | CIVIL ACTION NO. <br> 06-01353 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Defendants, Cory's Painting Service d/b/a Cory's Painting Service, Inc., Cory's Painting Service, Inc. d/b/a Cory's Painting Service ("Company") and Cory Miglionico, individually and d/b/a Cory's Painting Service, Inc. and d/b/a Cory's Painting Service ("Individual Defendant" and together with Company, "Defendants"), jointly and severally, in the amount of $37,269.13. In addition, the Plaintiff is entitled to injunctive relief in the form of an Order requiring Defendants to submit to an audit for all periods for which Defendants are obligated under the collective bargaining agreements and to comply with the terms of the collective bargaining agreements with respect to the submission of remittance reports and contributions.

The Pension Fund served its Complaint on Defendants on August 17, 2006. To date, Defendants have failed to answer the Complaint or to otherwise defend this action. Plaintiff filed a Request to Clerk to Enter Default against the Defendants pursuant to Fed. R. Civ. P. 55(a) on

172186-1

or about September 13, 2006. Default was entered against the Defendants on or about September 14, 2006. Plaintiff now submits this motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Kent G. Cprek and a proposed form of judgment.

The Pension Fund requests that the Court enter judgment by default against Defendants, jointly and severally, in the amount of $37,269.13, as set forth in the enumerated paragraphs below.

1. <u>Unpaid Contributions in the amount of $20,123.50.</u>

Defendants owe $13,244.53 in unpaid contributions for the period December 2005 through April 2006. The amounts owed for these periods are based on remittance reports prepared by Defendants and submitted to the Pension Fund. Additionally, Defendants owe the Pension Fund $6,878.97 in estimated contributions for the period May 2006 through July 2006 because Defendants have failed to submit the required remittance reports for said months. Montemore Declaration, ¶7.

2. <u>Interest through September 30, 2006 of $823.47.</u>

The rules and regulations as set forth in § 10.12(b)(2) of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) set the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through September 30, 2006 on Defendants' delinquent contributions totals $823.47. Interest shall continue to accrue on unpaid contributions in accordance with the Pension Fund's rules and regulations and ERISA until the date of actual payment. Montemore Declaration, ¶ 9; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

172186-1                                      2

3.   **Liquidated Damages of $9,424.10.**

ERISA and §10.12(b)(3) of the Plan mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions. As indicated above, Defendants owe $20,123.50 in unpaid contributions. Twenty percent (20%) of this amount is $4,024.70. Defendants also owed additional contributions at the time suit was filed which have now been paid, resulting in additional liquidated damages of $5,399.40. Since the total amount of liquidated damages is greater than the interest amount, Defendants owe a total of $9,424.10 in liquidated damages. Montemore Declaration, ¶10; 29 U.S.C. § 1132(g)(2).

4.   **Attorneys' fees and costs of $6,217.18.**

Plaintiff has incurred $5,574.00 in attorneys' fees and $643.18 in costs on this matter through September 15, 2006. Cprek Declaration, ¶2; 29 U.S.C.§ 1132(g)(2).

5.   **Audit Costs of $680.88.**

The determination of an employee's eligibility for benefits is made based upon information contained on the remittance report. An employer's liability to the Pension Fund is also based on information contained in the report. When a remittance report is not submitted or contains incorrect information, then a proper determination of eligibility and amounts due to the Pension Fund is impossible. In such a case, the only means of obtaining the necessary information is to review the employer's payroll records. Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 581 (1985).

Article VI, Section 6 of the Agreement and Declaration of Trust of the Pension Fund provides for recovery of audit costs in the event that an audit of a signatory employer's payroll books and related records reveals a delinquency to the Pension Fund. On July 6, 2005, the Pension Fund completed an audit of the Company's payroll books and related records covering

the period January 1, 2002 through December 31, 2004. This audit revealed a consistent pattern of underpayments and non-payments of contributions to the Pension Fund. As a result, Company is responsible for the cost of the audit. The balance of the audit costs is $680.88. Montemore Declaration, ¶12.

6. <u>Injunctive Relief.</u>

In light of Defendants' failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month (<u>See</u>, Montemore Declaration, ¶7) and the irreparable harm which Defendants' malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. <u>Laborers' Fringe Benefit Funds v. Northwest Concrete</u>, 640 F.2d 1350, 1352 (6th Cir. 1981); <u>IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc.</u>, 4 EBC 1199, 1200 (D.D.C. 1983); <u>Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co.</u>, 640 F.Supp. 223 (D.D.C. 1986).

7. <u>Future Attorney's Fees and Costs of Collection.</u>

The Pension Fund is entitled to reimbursement of all attorney's fees and costs it incurs in connection with the enforcement and collection of any judgment entered by the Court. <u>See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.</u>, No 02-1128, 2006 U.S. App LEXIS 2098 (3d Cir. Feb 6, 2003); <u>Free v. Brody</u>, 793 F.2d 807 (7th Cir. 1986); <u>Sheet

<u>Metal Workers Health and Welfare Trust Fund v. Big D Service Co.</u>, 867 F.2d 852 (10th Cir. 1989).

                                          Respectfully submitted,

                                          JENNINGS SIGMOND, P.C.

                                    BY:/s/    <u>Kent G. Cprek</u>
                                          KENT G. CPREK, ESQUIRE
                                          (I.D. NO. 478231)
                                          SANFORD G. ROSENTHAL, ESQUIRE
                                          (I.D. NO. 478737
                                          The Penn Mutual Towers, 16th Floor
                                          510 Walnut Street, Independence Square
                                          Philadelphia, PA 19106-3683
                                          (215) 351-0615

Date: <u>September 21, 2006</u>        Attorneys for Plaintiff

OF COUNSEL:
JEROME A. FLANAGAN
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0660