IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> CORY'S PAINTING SERVICE ) <br> d/b/a Cory's Painting Service, Inc., *et al.* ) <br> ) <br> Defendants ) | CIVIL ACTION NO. <br> 06-01353 (RWR) |

### DEFAULT JUDGMENT

In consideration of Plaintiff's Motion for Entry of Judgment by Default, the supporting Memorandum and Declarations, and this Court being duly advised in the premises, it is this 21st day of November, 2006 ORDERED:

1. Judgment is entered against Company and Individual Defendant, jointly and severally, and in favor of Plaintiff in the total amount of $37,269.13, itemized as follows:

    (a) Unpaid contributions for the periods December 2005 through July 2006 in the amount of $20,123.50 under 29 U.S.C. §1132(g)(2) and 185(a);

    (b) Interest from the date contributions became due until September 30, 2006, in the amount of $823.47;

    (c) Liquidated damages in the amount of $9,424.10 which is twenty percent (20%) of the currently delinquent principal ($20,123.50) plus additional damages of $5,399.40 for contributions owed at the time suit was filed which have now been paid.

    (d) Balance of audit costs of $680.88.

    (e) Attorneys' fees and costs in the amount of $6,217.18 incurred by

172186-1

Plaintiff through September 15, 2006, as provided in 29 U.S.C. §1132(g)(2)(D).

2. Defendants shall, within twenty (20) days of the entry of this Order, file all outstanding remittance reports for each month from May 2006 to the present, listing the names, social security numbers and hours worked and paid to each employee for that period.

3. Defendants, their owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendants are obligated to do so under their collective bargaining agreement(s).

4. Defendants shall make available to the designated representative of the Pension Fund, within fifteen (15) days of a request by the Pension Fund or its agent, all payroll books and related records of Defendants necessary for the Fund to ascertain the precise amount of contributions due and owing, if any. The payroll books and related records of Defendants include, but are not limited to,

    a) copies of all remittance reports filed with the Pension Fund;

    b) the individual earnings records of all of Defendants' employees, detailing all hours paid. If these records are not available in the above form, Defendants must provide the Pension Fund with some type of record detailing hours paid *per employee*;

    c) Defendants' quarterly payroll tax returns (Federal Form 941 and State unemployment returns) and annual W-2s;

    d) Defendants' cash disbursement journals and/or checkbook(s);

    e) Defendants' General Ledger;

    f) Defendants' Federal Forms 1096 and 1099;

    g) Defendants' vendor invoices;

    h) any Reports filed by Defendants with *any* Trust Fund(s) to which Defendants pay or have paid fringe benefit contributions to on behalf of any of Defendants' employees; and

    i) any and all other records or documentation that the Pension Fund's auditor deems necessary to performing a full and complete audit of Defendants' payroll books and related records.

5. Within a reasonable time after completion of the inspection of the payroll books and records and the receipt of overdue remittance reports, Plaintiff will file with the Court and serve upon Defendants an itemized and verified list of all delinquent contributions, liquidated damages, interest, attorneys' fees, costs and expenses. Absent objection within five (5) business days of service upon Defendants, the Court will enter final judgment in favor of Plaintiff and against Defendants as requested in the filed statement. In the event of an objection, the Court will determine the need for a further hearing.

6. Plaintiff is awarded reimbursement of all additional attorneys' fees and costs it incurs in the collection and enforcement of this judgment as well as those incurred in the collection of delinquent contributions which may be found to be due as a result of the audit provided for in this Order.

                                                          */s/ RW Roberts*
                                        RICHARD W. ROBERTS,    J.
                                        United States District Judge

Copies of this Default Judgment shall be sent to:

Jerome A. Flanagan, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

Cory's Painting Service
d/b/a Cory's Painting Service, Inc.
224 Main Street
Duryea, PA 18642

Cory's Painting Service, Inc.
d/b/a Cory's Painting Service
224 Main Street
Duryea, PA 18642

Cory Miglionico, individually and
d/b/a Cory's Painting Service, Inc.
and d/b/a Cory's Painting Service
224 Main Street
Duryea, PA 18642

172186-1                                           4